right.   See O'Reilly v. Utah, Nevada & Cal. Storage Co., 87 Hun, 406, 34 N. Y. Supp. 358, opinion approved in Isola v. Weber, 147 N. Y. 329, 41 N. E. 704.   In Morse v. Goold, supra, an act exempting property from levy and sale on executions was held to apply to judgments and executions on debts contracted before, as well as after, its passage, and the reasoning warrants my conclusion in this case. See, too, Matter of Trustees N. Y. P. E. Public School v. Davis, 31 N. Y., at page 585; Van Rensselaer v. Snyder, 13 N. Y. 299.

The order is affirmed, with $10 costs and disbursements.   All concur.

---

### NEVILLE v. PENNSYLVANIA & W. V. CO.

(Supreme Court, Appellate Division, Second Department.   June 8, 1906.)

MONEY PAID—COUNTERCLAIM—WHEN MAINTAINABLE.

In an action for freight on a cargo, a claim for advancements paid by the shipper for plaintiff's benefit on a similar cargo, never delivered, without the fault of the carrier, which according to custom the carrier, after paying, would have collected with his freight charges, cannot be set up as a counterclaim; the money paid by the shipper being paid for his own benefit.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Michael K. Neville against the Pennsylvania & West Virginia Company.   From a judgment granting insufficient relief, plaintiff appeals.   Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

H. B. Philbrook, for appellant.
Franklin D. Peale, for respondent.

MILLER, J.   The plaintiff's claim of $35.70 for freight charges on a cargo of coal carried for the defendant by the plaintiff from Port Liberty, N. J., to Harrison street, Brooklyn, was admitted, and a counterclaim was interposed for $20.14 for advance charges claimed to have been paid by the defendant for the benefit of the plaintiff on a similar cargo which the plaintiff had contracted to carry for the defendant from Perth Amboy, N. J., to Coney Island, N. Y., some two years before.   The evidence of the defendant in support of the counterclaim tended to show that the railroad companies make certain charges for so-called "trimming" and towing in connection with the loading of boats, and that it is the custom of the port for the boat owner to pay such charges and to include them in the freight charges collected of the shipper; that the plaintiff contracted to carry a cargo of coal for the defendant from Perth Amboy, N. J., to Coney Island; that the defendant paid said advance charges to the railroad company, amounting to $20.14, which otherwise, according to the custom of the port, the plaintiff, after paying, would have collected from the defendant with his freight charges; and that the boat sunk at the wharf while being loaded, for which reason the cargo was never delivered.   No claim is made that the plaintiff was guilty of any fault, and the only theory by which the counterclaim was sought to be sustained was that the

money was paid for the plaintiff's benefit; but obviously this position is untenable. The money was paid by the defendant for its own benefit. The custom which regulated the process by which the payment was made did not vary the fact that it was the defendant's debt, and not the plaintiff's, and it could matter little whether the defendant reimbursed the plaintiff after he had paid the charge, or whether it advanced the money in the first instance.

The justice, therefore, erred in allowing the counterclaim, and for such error the judgment must be reversed, and a new trial ordered; costs to abide the event. All concur.